UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARREN CLEVELAND GREEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. CV 20-2848-CJC (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

I.

**BACKGROUND**

On March 26, 2020, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "2020 Petition"). On November 30, 2000, petitioner was convicted by a Los Angeles County Superior Court jury of the following offenses: shooting at an inhabited dwelling (Cal. Penal Code § 246); making terrorist threats (Cal. Penal Code § 422); and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)[1]). (ECF No. 1 at 2). The 2020 Petition challenges petitioner's November 2000 conviction, and sets forth five grounds for relief: (1) the police withheld the ballistics report; (2) there was no evidence of

---

[1] In 2012, § 12021(a) was repealed and continued without substantive change in California Penal Code § 29800(a)(1).

petitioner making incriminating statements to police detectives; (3) a police detective did not come to court to confirm the testimony of another detective; (4) petitioner was not allowed to sign or review a detective's written statement; and (5) there was no evidence that petitioner shot at anybody's door. (Id. at 5-6).

Petitioner has filed several prior federal habeas petitions challenging his November 2000 conviction. His first petition, filed on May 11, 2005, in Case No. CV 05-3510-CJC (PLA) (the "2005 Petition"), raised four grounds for relief: (1) petitioner was subjected to an illegal search and seizure, and was arrested without a warrant; (2) trial counsel provided ineffective assistance; (3) petitioner's Equal Protection rights were violated; and (4) petitioner's sentence constitutes cruel and unusual punishment. (Case No. CV 05-3510, ECF No. 30 at 3). The 2005 Petition was dismissed with prejudice on February 17, 2006, as barred by the statute of limitations. (Id., ECF Nos. 33, 34). See 28 U.S.C. § 2244(d)(1). Petitioner's request for a certificate of appealability in CV 05-3510 was denied on March 7, 2006, and the Ninth Circuit denied his petition for a certificate of appealability on November 30, 2006. (Id., ECF Nos. 36, 40).

Over ten years later, on August 15, 2017, in Case No. CV 17-6061-CJC (PLA), petitioner filed another petition (the "2017 Petition") that raised the following grounds for relief: (1) a police detective accused petitioner of "making inculpatory testimony"; (2) the police did not provide ballistics evidence; (3) there were no eyewitnesses to the crime; (4) there was no physical evidence of guilt; and (5) the evidence was insufficient to support the verdict. (Case No. CV 17-6061, ECF No. 1 at 5-6). On October 4, 2017, the 2017 Petition was dismissed without prejudice as successive. (Id., ECF No. 10).

Petitioner filed his next petition on March 12, 2019 (the "2019 Petition") in Case No. CV 19-1813-CJC (PLA). In the 2019 Petition, petitioner raised five grounds for relief: (1) the police suppressed the ballistics report; (2) the superior court "knew the case was criminalized by the police because [a detective] would[ ] [not] come to court"; (3) "the trial judge knew and understood there was no physical evidence because the police suppressed it"; (4) there was no connection between a detective's incriminating statements and petitioner; and (5) there were no warrants to

take petitioner out of his home. (Case No. CV 19-1813, ECF No. 1 at 5-6). On March 19, 2019, the 2019 Petition was also dismissed without prejudice as successive. (Id., ECF No. 5).

## II.
## **DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's 2005 Petition was dismissed with prejudice as time barred. Because a dismissal of a prior petition for untimeliness creates a "permanent and incurable" bar to federal habeas review, the Ninth Circuit has held that the "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA[.]" McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (citation omitted); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal of an earlier petition with prejudice because of a procedural default constitutes a

disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Accordingly, petitioner's 2017 Petition and 2019 Petition -- each of which raised claims attacking his November 2000 conviction -- were dismissed as successive.

In the 2020 Petition, petitioner challenges the same conviction that he challenged in each of his previous federal petitions discussed above. Given that petitioner's 2005 Petition was dismissed as time barred, and his subsequent petitions were dismissed as successive, the Court concludes that the 2020 Petition is also successive. Although it does not appear that petitioner satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B), even if he could make such a showing, he is still required -- as he was clearly advised in the Court's prior Orders dismissing his 2017 Petition and 2019 Petition -- to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the instant Petition. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2020 Petition without prejudice as successive is appropriate.[2]

/

/

---

[2] As petitioner has been repeatedly advised, if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

4

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: April 1, 2020

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE